UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 76.172.87.57,<br><br>Defendant. | Case No.: 17cv2317-JAH (BLM)<br><br>**ORDER GRANTING EX PARTE MOTION TO EXPEDITE DISCOVERY**<br><br>**[ECF No. 4]** |

Currently before the Court is Plaintiff's November 29, 2017 "*EX PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE." ECF No. 4. Because the Defendant has not been identified, no opposition or reply briefs have been filed. Having reviewed Plaintiff's motion and all supporting documents, the Court **GRANTS** the motion for the reasons set forth below.

## **BACKGROUND**

Plaintiff alleges that it "is the owner of original, award winning motion pictures featured on its brand's subscription-based adult websites." ECF No. 4-1 at 6. On November 14, 2017, Plaintiff filed a complaint against John Doe 76.172.87.57 alleging copyright infringement. ECF No. 1 ("Comp."). Plaintiff alleges that Defendant has illegally infringed and distributed seventy-

1

eight of its copyrighted movies over the BitTorrent File Distribution Network for an extended period of time. Id. at 2. Plaintiff describes the BitTorrent network as a "system designed to quickly distribute large files over the Internet." Id. at 4. Plaintiff further alleges that Defendant, who "attempted to hide this theft by infringing Plaintiff's content anonymously" can be identified by his or her Internet Service Provides ("ISP") through his or her IP address 76.172.87.57. Id. at 2.

On November 29, 2017, Plaintiff filed the instant motion. ECF No. 4. Plaintiff seeks an order from the Court allowing it to serve a subpoena to Defendant's Internet Service Provider[1] ("ISP") seeking Defendant's true name and address pursuant to Federal Rule of Civil Procedure 45. ECF No. 4-1 at 6-7.

## **DISCUSSION**

**A. The Cable Privacy Act**

The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). However, a cable operator may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5). Accordingly, Plaintiff seeks an Order instructing Time Warner Cable (Spectrum) to produce documents and information sufficient to identify the user of the specified IP address.

///
///
///

---

[1] The ISP at issue is Time Warner Cable (Spectrum). ECF No. 4-1 at 7.

**B. Early Discovery**

A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery. Fed. R. Civ. P. 26(d)(1). Courts in the Ninth Circuit apply the "good cause" standard in deciding whether to permit early discovery. Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 274 (N.D. Cal. 2002) (adopting the conventional standard of "good cause" in evaluating a request for expedited discovery). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. at 276. Good cause for expedited discovery has been found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. Id. In infringement cases, expedited discovery is frequently limited to allowing plaintiffs to identify Doe defendants. See UMG Recordings, Inc. v. Doe, 2008 WL 4104207, at *3 (N.D. Cal. Sept. 4, 2008) (granting leave to take expedited discovery for documents that would reveal the identity and contact information for each Doe defendant).

District courts in the Ninth Circuit apply a three-factor test when considering motions for expedited discovery to identify certain defendants. Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court." Id. at 578. Second, the plaintiff must describe "all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant. Id. at 579. Third, plaintiff should establish that its lawsuit could withstand a motion to dismiss. Id.

1. Identification of Missing Party with Sufficient Specificity

First, Plaintiff must identify the Doe defendant with sufficient specificity to enable the Court to determine that the Doe defendant is a real person subject to the Court's jurisdiction. Id. at 578. Plaintiff has provided a declaration stating it retained IPP International UG ("IPP"), a company that "monitors the BitTorrent file distribution network for the presence of copyrighted works" and uses software to "identif[y] Internet Protocol ("IP") addresses that are being used

by infringers to distribute copyrighted works within the BitTorrent File Distribution Network" to compile data relating to the IP address at issue. ECF No. 4-2, Declaration of Tobias Fieser ("Fieser Decl.") at 9. IPP determined that John Doe's IP address (76.172.87.57) distributed multiple pieces of Plaintiff's copyrighted movies (listed in Exhibit A to the Compl.) and that the address "is associated with significant long term BitTorrent use." Id. at 10. The movie pieces were recorded in a PCAP[2], a forensically sound interface for recording network traffic that records the time which correlates to assignment logs maintained by ISPs in the United States to track which IP address is assigned to which customer at any given time. Id. at 9-10. Mr. Fieser explains that digital files can be identified by their Cryptographic Hash Values and that IPP was able to determine that the files being distributed by Defendant's IP address "have a unique identifier of the Cryptographic Hash outlined on Exhibit A [to Plaintiff's complaint]." Id.

Plaintiff also retained John S. Pasquale, a Senior Project Manager with 7 River Systems, LLC, "a Maryland based cyber security firm specializing in network security, data breaches, and the protection of secured information transmitted across networks." ECF No. 4-2, Declaration of John S. Pasquale ("Pasquale Decl."). Mr. Pasquale was retained to analyze and retain forensic evidence captured by IPP. Id. at 13. Mr. Pasquale used a program named Wireshark to view the contents of the PCAP provided by IPP and confirmed that IPP recorded a transaction with IP address 76.172.87.57 on October 13, 2017 at 2:01 p.m. Id. Mr. Pasquale notes that based on his experience, "Defendant's ISP Time Warner Cable is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 76.172.87.57 during the time of the alleged infringement." Id.

In its complaint, Plaintiff further explains that it used "IP address geolocation technology by Maxmind Inc. ("Maxmind"), an industry-leading provider of IP address intelligence and online fraud detection tools, to determine that Defendant's IP address traced to a physical address in this District." Compl. at 2.

Because Plaintiff has provided the Court with the unique IP address and the dates and

---

[2] PCAP stand for "packet capture." Fieser Decl. at 10.

times of connection, the name of the ISP and/or cable operator that provided Internet access for the user of the identified IP address, and used geolocation technology, the Court finds that Plaintiff has made a satisfactory showing that Doe 76.172.87.57 is a real person or entity behind the alleged infringing conduct who would be subject to suit in federal court.

### 2. Previous Attempts to Locate Defendant

Second, Plaintiff must describe all prior attempts it has made to identify the Doe defendant in a good faith effort to locate and serve them. See Columbia Ins. Co., 185 F.R.D. at 579. Plaintiff searched for Defendant's IP address using various internet search tools and reviewed numerous sources such as legislative reports, agency websites, and informational technology guides. ECF No. 4-1 at 13. Plaintiff also retained an investigator to identify the IP address of BitTorrent users who were allegedly reproducing Plaintiff's copyrighted material. See Fieser Decl. and Pasquale Decl. Although Plaintiff's investigator obtained Defendant's IP address, "Time Warner Cable is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 76.172.87.57." Pasquale Decl. at 13. The Court therefore finds that Plaintiff has made a good faith effort to identify and locate the Doe defendant.

### 3. Whether Plaintiff Can Withstand a Motion to Dismiss

"[A] plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004) (citations omitted). To prove a claim of direct copyright infringement, "a plaintiff must show that he owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act." Id. (citation omitted).

Plaintiff provides evidence that it is the exclusive rights holder of the copyrighted works at issue. See Comp. at 6, Exh. A.[3] Plaintiff alleges that between June 12, 2017 and October

---

[3] Exhibit A contains a chart containing United States Copyright Office registration information, including registration numbers or application numbers for those works where registration is still pending. Plaintiff states that it "owns the copyrights to the Works and the Works have either

13, 2017, Defendant infringed Plaintiff's copyrighted work by using the BitTorrent file distribution network. See Comp. at 5, Exh. A. Plaintiff further alleges that it did not permit or consent to Defendant's copying or distribution of this work. See Comp. at 5-6, ECF No. 4-1 at 14-15. Accordingly, Plaintiff has alleged the prima facie elements of direct copyright infringement and could withstand a motion to dismiss. See Columbia Ins. Co., 185 F.R.D. at 579-80.

## **CONCLUSION**

Having found good cause, the Court **GRANTS** Plaintiff's motion for expedited discovery. For the foregoing reasons, it is hereby ordered that:

1. Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45, on Time Warner Cable (Spectrum) that seeks only the true name and address of Doe 76.172.87.57. Plaintiff may not subpoena additional information;

2. Plaintiff may only use the disclosed information for the purpose of protecting its rights in pursuing this litigation;

3. Within fourteen (14) calendar days after service of the subpoena, Time Warner Cable (Spectrum) shall notify the subscriber that its identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure by filing an appropriate pleading with this Court contesting the subpoena;

4. If Time Warner Cable (Spectrum) wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other customer challenge is brought, Time Warner Cable (Spectrum) shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge; and

5. Plaintiff shall serve a copy of this Order with any subpoena obtained and served

---

been registered with the United States Copyright Office or have pending copyright registrations." Compl. at 6. For Plaintiff's Works that are still pending registration, a complete application, fees, and deposit materials for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101, et seq.

pursuant to this Order to Time Warner Cable (Spectrum). Time Warner Cable (Spectrum), in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

**IT IS SO ORDERED**.

Dated: 12/13/2017

*Barbara L. Major*
Hon. Barbara L. Major
United States Magistrate Judge